U.S. Department of Labor     Office of Federal Contract
Compliance Programs
Chicago District Office
230 S. Dearborn, Room 434
Chicago, Illinois 60604



Certified Mail, Return Receipt Requested

September 30, 2015                                    I00186974

Joan Daniel                                           COMPLAINANT
362 E. 70th Place
Chicago, IL 60657

Advocate Health Care                                  CONTRACTOR
3075 Highland, Suite 600
Downers Grove, IL 60515

### NOTIFICATION OF RESULTS OF INVESTIGATION

On January 14, 2014, the U.S. Department of Labor, Office of Federal Contract Compliance Programs (OFCCP), conducted an investigation of the allegations of race discrimination, sex discrimination, and retaliation made in the complaint of Joan Daniel filed on November 26, 2013. Our investigation has resulted in the following findings:

1. Advocate Health Care (Advocate) is a non-exempt government contractor subject to the requirements of Executive Order 11246, as amended.

2. Joan Daniel (Complainant) is a minority covered or protected by Executive Order 11246, as amended, and the regulations at 41 Chapter 60.

3. The complainant alleges that Advocate violated its obligations under the nondiscrimination and affirmative action provisions of its federal contracts because she was denied a promotion, wage increase, backpay and subjected to retaliation.

4. Advocate's position is that it did not violate the Executive Order 11246, as amended, or the regulations at 41 Chapter 60. Advocate stated the complainant received a significant raise during the time period alleged in the complaint. According to the contractor, the complainant's salary is higher than anyone else in the Compliance Group, other than its Vice President, and the complainant holds one of the highest ranked positions in the group and has not sought any other available positions in the company. Lastly, the contractor stated a position was created for the complainant to help support her success due to an "exceed expectations" rating.



SECOND AMENDED COMPLAINT
EXHIBIT A
             2015-cv-11660

5. The investigation did not substantiate the complainant's allegation of discrimination based on the denial of a promotion or wage increase. The evidence showed that the complainant received a transfer to a lateral position with a new job title and a pay raise. It was not considered a promotion because the complainant did not have enough Hay Points. Also, the evidence showed the complainant's salary was higher than anyone else in the Compliance Group (with the exception of the Vice-President). There was no evidence that race or gender were motivating factors in the contractor's employment decisions.

6. The investigation did not substantiate the complainant's allegation of discrimination due to a denial of back pay. The evidence showed that the complainant received back pay which included an additional 3.6% salary increase. Also, the evidence showed the complainant's salary, along with the additional 3.6% increase, resulted in the complainant's salary being higher than anyone else in the Compliance Group (with the exception of the Vice-President). There was no evidence that race or gender were motivating factors in the contractor's employment decisions.

7. The investigation did not substantiate the complainant's allegation of retaliation. The evidence did not show that the contractor took action against the complainant because she opposed discrimination. The complainant agreed she never complained about discriminatory treatment due to any protected category. Thus, complainant was unable to show the nexus between the alleged acts and retaliation for opposing discrimination.

The Agency's investigation found insufficient evidence that the contractor violated its obligations under the nondiscrimination and affirmative action provisions of Executive Order 11246, as amended. This determination concludes the processing of this complaint by the OFCCP.

On behalf of the United States Department of Labor

_Michael J. Thomas_                     9/30/2015
Michael J. Thomas                       Date
District Director

Enclosure: Information Related to Filing Suit under Title VII
           Notice of Right to Sue

cc:  Michael Gray, Esq.
     Jones Day
     77 West Wacker
     Chicago, Illinois 60601

U.S. Department of Labor   Office of Federal Contract
Compliance Programs
Chicago District Office
230 S. Dearborn, Room 434
Chicago, Illinois 60604



## NOTICE OF RIGHT-TO SUE UNDER TITLE I OF THE ADA OR TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: NOTIFICATION OF NO VIOLATION

**U.S. DEPARTMENT OF LABOR**
**OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS (OFCCP)**

TO: Joan Daniel
362 East 70th Place
Chicago, Illinois 60657

FROM: OFCCP Chicago District Office
230 South Dearborn Street, Suite 434
Chicago, Illinois 60604

[ ] On behalf of a person whose
identity is confidential
(29 CFR 1601.7(a))

OFCCP Representative
Michael J. Thomas

Complaint Number: I00186974

**TO THE COMPLAINANT:** You may file a lawsuit against the contractor under Title VII of the Civil Rights Act of 1964, as amended, in federal or state court. **Your lawsuit must be filed within 90 calendar days of receipt of this notice, or your right to sue will be lost.** Please see the enclosed information sheet on filing lawsuits for further information.

With the issuance of this Notice of Right-to-Sue, OFCCP is terminating its processing of your complaint.

An information copy of this Notice has been sent to the below employer as named in your complaint:

Advocate Health Care, 3075 Highland, Suite 600, Downers Grove, IL 60619

On behalf of the United States Department of Labor,

_Michael J. Thomas_ (signature)      9/30/2015
Michael J. Thomas                     Date
District Director

Enclosures: Information Related to Filing Suit under Title VII and the ADA
Copy of Complaint

cc: Michael Gray, Esq. (Attorney for Advocate Health) (without Copy of Complaint)
Jones Day
77 West Wacker
Chicago, Illinois 60601

# INFORMATION RELATED TO FILING SUIT UNDER TITLE VII AND TITLE I OF THE ADA

This information relates to filing suit in federal or state court under federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.

**PRIVATE SUIT RIGHTS** – Title VII of the Civil Rights Act of 1964, as amended (Title VII) or the Americans with Disabilities Act of 1990, as amended (ADA)

In order to pursue this matter further, you must file a lawsuit against the contractor(s) named in the complaint **within 90 calendar days of receipt of Notice of Right-to-Sue.** Once this 90-day period expires, your right to sue based on the complaint covered by this Notification will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notification.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in federal or state court is a matter for you to decide after talking to your attorney. Filing this Notification is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the complaint or, to the extent permitted by court decisions, matters like or related to the matters alleged in the complaint. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the contractor has its main office. If you have simple questions, you usually can get answers from the Clerk of the court where you are bringing suit, but do not expect them to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** – Equal Pay Act (EPA)

EPA suits must be filed in court within two years (three years for willful violations) of the alleged EPA underpayment; back pay due for violations that occurred **more than two years (three years for willful violations) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from July 1, 2003 to December 1, 2003, you should file suit before July 1, 2005 (not December 1, 2005) in order to recover unpaid wages due for July 2003. This EPA time limit is separate from the 90-day filing period under Title VII or the ADA referred to above. Therefore, if you also plan to sue under Title VII or the ADA, in addition to suing on the EPA claim, suit should be filed within the Title VII/ADA 90-day period and within the two or three year EPA back pay recovery period.

**ATTORNEY REPRESENTATION – Title VII and the ADA**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, help you to obtain a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and

manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 calendar days.

**ATTORNEY REFERRAL AND ASSISTANCE – All Statutes**

If you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which the U.S. District Court can hear your case, you may contact an Office of Federal Contract Compliance Programs (OFCCP) representative at (312) 596-7045, who will coordinate with the Equal Employment Opportunity Commission (EEOC) to promptly obtain that information for you. If you need to inspect or obtain a copy of information in OFCCP's file, please request it promptly in writing and provide the OFCCP complaint number. If you file suit and want to review the complaint file, **please make your review request within six months of this Notice.** (Before filing suit, any request should be made within 90 calendar days of the date of the Notification of Results of Investigation.)

If you file suit, please send a copy of your Court complaint to:

> U.S. Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street
> Suite 2000
> Chicago, Illinois 60661