# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOAN DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2015-cv-11660 |
| ) | |
| ADVOCATE HEALTH CARE NETWORK ) | **Judge Andrea Wood** |
| ) | **Magistrate Judge Michael Mason** |
| an Illinois not-for-profit corporation, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S 12(B)6 MOTION TO DISMISS COUNT III

NOW COMES, before this Honorable Court, Plaintiff JOAN DANIEL through her counsel, Denise M. DeBelle and John C. Ireland, Responds to Defendant ADVOCATE HEALTH CARE NETWORK's 12(b)(6) Motion to Dismiss as follows:

**SUMMARY OF ARGUMENT**

Defendant's attack upon the claim of common law retaliatory discharge in Plaintiff's Third Amended Complaint (TAC) rests upon an argument of redundancy and that the claim is abrogated by the Illinois Whistleblower Act (IWA). Both arguments lack merit. First, Plaintiff is permitted to plead alternate theories and this is consistent with federal pleading standards. Second, the Defendant misstates the law as to the relation between the IWA and retaliatory discharge at common law. The majority view and one supported by the IWA legislative history, is that the retaliatory discharge and IWA constitute separate claims and that retaliatory discharge

is not abrogated by the IWA. Further, as to the Defendant's second major argument, the courts have not applied the "but for" standard of causation applicable to Title VII retaliation to dismiss complaints alleging common law retaliation and statutory retaliation.

I.      PLAINTIFF'S COMPLAINT ADEQUATELY PLEADS STATE RETALIATORY CLAIMS.

To survive a motion to dismiss, as the Supreme Court has stated, a plaintiff in Illinois state court must state her allegations with "specificity," by "factually setting forth the elements necessary to state a cause of action." *People ex. rel Scott v. Coll. Hills Corp.,*, 61 Ill.Dec. 766, 435 N.E.2d 463, 467 (1982). This is not so in federal court: " Rule 8(a)'s notice pleading standard applies to pendant state law claims that are pleaded in federal court". ( *Christensen v. County of Boone, Illinois,* 483 F.3d 454, 459 (7th Cir.2007), because the Federal Rules of Civil Procedure apply to cases filed in federal court. See *Hanna v. Plumer,* 380 U.S. 460, 473, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) ( " *Erie* [ *R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ] and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules.

   Despite the above agreed pleading standard which allowed for broad latitude in pleadings and a Notice pleading standard, Defendant oddly argues that Plaintiff can ONLY present one claim, either IWA or Retaliatory Discharge, but never both. (MTD pp. 1-6) The Defendant states "The Illinois Whistleblower Act and Common Law Retaliatory discharge claims overlap in their coverage. " (MTD, P.2). This is a statement of the difference in the two causes of actions, but not

an argument that pleading both is impermissible. The IWA requires that a Plaintiff show that a complaint of violation of law was made to government agency; the common law retaliatory discharge does not so require as the Plaintiff's internal compliant to the employer is sufficient. (cite). But this does not lead to the conclusion, as Defendant states, that Plaintiff is only allowed one pleading and if there is ANY factual cross over, Defendant is allowed to defeat that claim at the pleading stage.

The Plaintiff may plead alternative theories, and this is explicitly incorporated into the Federal Rules of Civil Procedure. Rule 8(d)(2) states :

> ***Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.**

Here Defendant seems to argue that for Advocate there is a new pleading standard, but this is entirely unsupported.

A.      **Plaintiff has adequately pled her Retaliatory discharge and IWA claims.**

Although it is difficult to understand Defendant's exact argument, Defendant appears to question whether Plaintiff adequately pled the elements of retaliatory discharge claim and the Illinois Whistleblower Act claim. (MTD, Paragraph I.A.) Below, Plaintiff shall reiterate the facts alleged :

a. Plaintiff DANIEL reported on several occasions to Teske, to Internal Audit, and to other superiors at Defendant ADVOCATE what she believed was a violation of federal law and regulation when she informed Defendant ADVOCATE of ADVOCATE'S non-compliance with those regulations. (*TAC* ¶ 79)

b. "The purpose of federal regulatory requirements regarding Medicare and Medicaid providers is to uncover whether any employees, vendors and volunteers had been placed on any exclusion list that prohibits payments to these employees, vendors, and volunteers from any federal health program. *TAC,* ¶ 32

c. Plaintiff complained to her supervisor and to Internal Audit Department that Advocate was not incompliance with the sanctions screening policy mandated by federal and state law because these were performed by Advocate only on a quarterly, not monthly basis. Plaintiff's attempts to make known the violations internal to Advocate were discredited by her supervisor and formed the basis for a threat of termination (in the Memorandum of Concern issued October 8, 2015). *TAC* ¶37

d. Plaintiff provided ample facts in support of her allegation that her complaint concerned a violation of a "clear mandate of public policy." She did so by reference to the precise and strict regulatory regime under federal and state statutes which require hospitals to screen all providers of services to ensure they are not on the prohibited Medicaid and Medicare lists. This list is maintained by the Office of Inspector General of the U.S. Department of Health and Human services under provisions of the Social Security Act. Although Plaintiff did not specifically cite that statute, Plaintiff pled facts asserting that the integrity of Medicare and Medicaid and any federal health programs depend upon the diligent removal of any provider who is not qualified under those programs. *TAC, ¶¶ 32 and 33*.The Social Security Act is the authority for those compliance regulations about which the Plaintiff repeatedly advised Advocate. As was stated in the complaint: *"*permitting disbarred and excluded individuals from receiving those payments would constitute fraud and would subject Defendant ADVOCATE to liability under federal and state statutes and regulations. *" TAC, ¶33)*

4

Regarding the IWA claim, Plaintiff reported Advocate's failure to comply with this public policy and her reasonable belief that the failure of Advocate was a violation of federal rule or regulation when she reported this violation in her complaint to the United States Department of Labor's OFCCP on June 5, 2015. *TAC* ¶¶49 and 44.

This statutory and common law structure is a recognition of how employees typically report violations of law in their workplace. It is very common for an employee to report the employer's violations internally (first seeking to correct the wrongdoing at the lowest level). Only after exhausting that internal avenue of correction do most employees (reluctantly) "pull the trigger" and escalate the report of the violation externally. That is exactly what happened here, Plaintiff first reported the violation internally, (3rd AC ¶¶ 31, 35, 37-38, 79), then reported the violation to governmental agencies.

Therefore, plaintiff has satisfied all pleading requirements for both an Illinois Whistleblower Act claim and a claim of Common Law Retaliatory Discharge.

B. **Defendant's claim that common law retaliatory discharge is abrogated by the IWA is contradicted by the weight of authority and by the principles of statutory construction.**

Defendant claims that the Common Law claim of Retaliatory Discharge is "abrogated" or "subsumed" by the Illinois Whistle-blower Act, and the Plaintiff's claims are therefore entirely covered by that act. (MTD pages 1-5). Defendant cites the only two cases: *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F.Supp.2d 1051 (N.D.Ill.2007) and *Jones v. Dew*, 2006 WL 3718053 in support of this proposition.

The weight of authority in Illinois is contrary to these cases and indeed courts have dealt critically with both of these cases. *Stiles v. Int'l Bioresources, LLC,* 726 F.Supp.2d 944 (N.D.

5

Ill, 2010) . *The Stiles* court extensively analyzes the issue of whether in enacting the IWA, the legislature intended to abrogate common law retaliatory discharge claims, and the court resoundingly rejects that idea. The court notes that there is no language in the statute specifically calling for abrogation of the common law. Further, there is no conflict between the IWA and the common law merely because the protections and requirements of each differ. Indeed, the *Stiles* court opines that the legislature clearly intended to expand protections for whistleblowers, not limit or eliminate them. *Stiles*, at 952.

Similarly, the court in *Callaghan v. Edgewater Care and Rehabilitation,* 374 Ill.App.3d 630 9Ill.App.Ct.2007 rejected *Riedlinger* and *Jones v. Dew*, *supra,* noting that those courts failed to analyze whether the statute repealed the common law by implication. The court states: "The rule has long been that a statute will not be construed as taking away a common-law right existing at the time of its enactment unless the pre-existing right is so repugnant to the statute that the survival of the common-law right would in effect deprive the statute of its efficacy and render its provisions nugatory. ", *Id* at 554.

The *Stiles* court notes as well several federal courts which have recognized the majority opinion in state courts, i.e., that the common law retaliatory discharge is not preempted or abrogated by the IWA, *see Bridges v. McDonalds Crop,* 2009 WL 5126962 (N.D. Ill.Dec.21, 2009).

There is absolutely no reason to force the Plaintiff in the instant case to choose between the retaliatory discharge claims under common law and a claim pursuant to the Illinois Whistleblower Act based upon principles of abrogation. The Plaintiff asks the court to reject Defendant's argument and affirm that the IWA does not abrogate a claim of common law retaliatory discharge.

II.   **PLAINTIFF HAS PLED CAUSATION SUFFICIENTLY AND THE** *NASSAR* **"BUT For" STANDARD POSES NO IMPEDIMENT TO HER PLEADING**.

Defendant's argument rests upon a mistaken assertion that the Plaintiff is required to prove her case at the pleading stage. (See "MTD pp.5-8"). While retaliation claims under Title VII have a "But For" standard of causation, *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013), the Supreme Court in *Nassar* did not set a new pleading standard. Rather the posture of the *Nasser* case was an appeal after trial in which the jury found for the Respondent on both status-based and retaliation claims under Title VII.

Defendant essentially asserts that the Plaintiff has not proven causation. (MTD pgs. 5-6). This argument is not ripe at the pleading stage.

As quoted by the court in *Pastoriza v. Keystone Steel and Wire,* 2015 U.S. Dist. LEXIS 65392, *16-20 (C.D. Ill. Dec. 10, 2015), the plausibility standard in pleading requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.,* [614 F.3d 400](), 404 (7th Cir. 2010).[1]

A.   **Defendant's assertion that the "but for" standard has been applied to common law retaliatory discharge claims is not supported by the applicable case law.**

---

[1] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (explaining that "we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings' ") (internal quotations omitted) (brackets in original).

In a very recent ruling by Judge John Robert Blakely, considering a Motion to Dismiss, the court was unequivocal in holding that the same facts which supported Plaintiff's IWA claim also supported a common law retaliatory discharge claim. *Milsap v. City of Chicago*, Case No. 16-cv-4202, N.D. Ill. January 19, 2018. This court permitted both of the Illinois retaliatory discharge claims to go forward. The court did not note any "but for" causation as a requirement for pleading these claims. More notable is that the *Milsap* court dismissed the Americans with Disabilities Act claim because the Plaintiff also alleged First Amendment retaliation, as the ADA does not permit mixed motive causation in termination claims. The court identified federal law as that which must be considered when evaluating dismissal of a count, and State law claims do not conform to that standard.

Defendant relies upon *Castagnoli v. Center for Neurosciences, LLC*, 2015 U.S. Dist.LEXIS 171030 (c.d. Ill.Dec.23, 2015) as to illustrate the holding of the Supreme Court in *Nasser*. This is not only incorrect, it is a misrepresentation of the case. The paragraph cited by the Defendant was not part of the court's holding at all. Indeed, the exact quote in Defendant's MTD is the allegations or argument of the *Defendant*, and it follows this statement by the court : "The Defendant seeks summary judgment as to Plaintiff's claims for the following reasons:" *Castognoli*, at 6.

The court's holding and discussion of the law never mentioned the "but for" standard. Instead the *Castagnoli* court ruled in favor of the Defendant, because at the summary judgment stage, the Plaintiff had failed to show evidence of retaliatory motive, and instead there was ample evidence of other reasons for Plaintiff's discharge, such that the Plaintiff failed to show a material fact in dispute. The court held: "Castagnoli's affidavit and verbal representations are continually at conflict with the documentary evidence in the record. As such, Defendants are entitled to a grant

8

of summary judgment on the retaliatory discharge in violation of Illinois public policy claim." Id, at 19. The court was not reviewing the Plaintiff's claims at the pleading stage.

The Defendant in the Motion to Dismiss cites several Summary Judgment decisions and argues, in essence, that FRCP12 (b)6 dismissal is required because the proofs for Title VII retaliation claims are according to the "but for" standard. Plaintiff asserts that pursuant to FRCP 12(b)6, citation to Summary Judgment decisions are inapplicable and reliance upon these for the Defendant's key argument is a misrepresentation to the court.

Defendant sole citation to a case at the same procedural level , i.e., at the pleadings stage, is *Pastoriza v. Keystone Steel & Wire*, 2015 U.S. Dist. LEXIS 165392, *16-20 (C.D. Ill. Dec. 10, 2015). The *pro se* complaint contains a multitude of claims, and in sorting through all of them, the court notes the often contradictory and inadequate factual bases for most of them. The court dismisses the retaliation claim, because the number of reasons and facts alleged by the Plaintiff taken together would negate any possible conclusion as to retaliatory motive. Due to Plaintiff's dense and fact filled filings which suggest another reason for the Defendant's adverse action, the Plaintiff's claims are defeated on the face of the complaint. In contrast, the complaint in the subject case has none of these deficiencies.

Despite this dismissal of the retaliation claim, the *Pastoriza* holding is not helpful to the Defendant. The court emphatically declines to hold that the *Nassar* requires an affirmative pleading of but-for causation. The Court notes that doing that would impose a more rigorous pleading standard on a Plaintiff than is required under federal pleading standards. The court notes approvingly *Luevano v. Wal-Mart,* 722 F.3d 1014 (N.D. Ill 2013) which did not require proof of the causal link to retaliatory motive even at the summary judgment stage (and which

9

case was decided after *Nasser*.) The *Pastoriza* court reasoned that the Supreme Court in *Nasser* established a standard for what must be proven at jury trial, not at the pleading stage.

The Defendant incorrectly cites *Lance v. Betty Shabazz Int'l. Charter Sch.*, No. 12-cv-4116, 2014 U.S. Dist. LEXIS 10972, at *8 (N.D. Ill. Jan. 29, 2014) for its proposition that the Plaintiff must plead only one basis for retaliatory motivation. The *Lance* court granted the Motion to dismiss because the facts pled in that case did not establish the elements of "but for" causation for the retaliatory count Plaintiff alleged. The reason for that was that the very facts Plaintiff included in the complaint supported an opposite conclusion to that of retaliatory motive. Specifically, the following facts were cited by the court:

- Plaintiff declined to renew his contract in the hopes of negotiating better terms
- A memo Plaintiff alleged was retaliatory had no negative impact on the Plaintiff
- Plaintiff was embroiled in a series of increasingly troubling incidents at school.
- In one, Plaintiff admittedly was involved in an altercation with a female teacher over access to school supplies in front of students.
- In another incident with a female teacher just six weeks later, the altercation became physical and the police were called.
- The day after the second of these events, the school placed him on administrative leave with pay and decided to fire him ten days later.

The court in *Lance* noted that the quantity and severity of the alternate reasons for the termination of the Plaintiff meant that the facts alleged were insufficient to support a claim of retaliation.

10

In contrast, in the case at bar, the Defendant can point to nothing by way of factual allegations in the complaint which suggest any alternate justification, let alone facts indicating misconduct, which might provide a legitimate basis for terminating the Plaintiff or any employee  Instead, the Plaintiff pled facts substantiating her diligent job performance and loyalty to her employer. *TAC,* ¶24 H, and  ¶ ¶ 33-37.

The case law upon which Defendants depend for their argument is threadbare and unconvincing. The courts have not established a new pleading standard for complaints alleging Title VII retaliation, but which also contain alternate state law claims of retaliatory discharge, whether under the Illinois Whistleblower Act or common law. The Plaintiff has pled alternate theories of relief based upon well pled facts, in accordance with well- established federal rules of notice pleading.

**CONCLUSION**

For  all of the reasons stated above, Plaintiff has demonstrated that the Defendant's motion to Dismiss Count III of Plaintiff's Third Amended Complaint is without merit and must be denied.

Respectfully submitted,

/s/Denise M. DeBelle
/s/  John C. Ireland
Plaintiff's Attorneys

Law Office of Denise M. DeBelle
4753 North. Broadway/ Suite 509
Chicago, Illinois 60640
773-728-0136
denise@debelle-law.com


Law Offices of John C. Ireland
636 Spruce Street
South Elgin, Illinois 60177
630-464-9675
attorneyireland@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 26, 2018 I electronically filed the foregoing RESPONSE TO DEFENDANT'S 12 (b)6 MOTION TO DISMISS COUNT III with the Clerk of the Court using the CM/ECF system, which will automatically notify all counsel of record in this matter.

      Signed,

      /s/Denise DeBelle